| | |
|---|---|
| KEITH BAYSEAM OLIVER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| DALE BUTLER AND SHERIFF ) | |
| DONNIE HARRISON, ) | |
| ) | |
| Defendants. ) | |

Plaintiff filed this action pursuant to 42 U.S.C. § 1983. The matter is before the court for frivolity review pursuant to 28 U.S.C. § 1915. Also before the court are plaintiff's motion to appoint counsel (DE # 5), motions to amend (DE #s 4, 7, 8, 12, 13, 15, 16, 21, 24, 26, 27),[1] motion seeking punitive compensation (DE # 14), motion for summary judgment (DE # 18), motion seeking judicial injunction (DE # 22), motion seeking pro se litigant monetary workmen's compensation (DE # 23), and motions to compel (DE #s 11, 25, 28, 29).[2] These matters are ripe for adjudication.

A.  Motion to Appoint Counsel

There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for *pro se* civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the

---

[1] The court construes these filings as plaintiff's attempt to amend his complaint.

[2] The court construes these filings as motions to compel discovery.

individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (quoting Branch v. Cole, 686 F.2d 264 (5th Cir. 1982)); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him."). Because plaintiff's claim is not complex, and where he has demonstrated through the detail of his filings he is capable of proceeding *pro se*, this case is not one in which exceptional circumstances merit appointment of counsel. Therefore, plaintiff's motion to appoint counsel is DENIED.

B.      Motions to Amend/Frivolity Review

The court allows plaintiff's first motion to amend his complaint as a matter of course. See Fed. R. Civ. P. 15(a). Regarding plaintiff's pleadings and remaining motions to amend, the filings are confusing, difficult to follow, and the court is unsure what specific claims he is attempting to make and exactly whom plaintiff is claiming violated his rights. Accordingly, the court allows plaintiff the opportunity to file one amended complaint in order to clarify his claims. The amended complaint must be clearer than the filings already made. Plaintiff must mention briefly the specific events and correlating dates which are the bases for the suit, the constitutional rights violated, the injuries sustained, and which defendant allegedly inflicted each injury. Plaintiff is on notice that he must connect the named defendants with the alleged conduct which resulted in the alleged constitutional violation. Plaintiff is reminded that his amended complaint must comply with Federal Rule of Civil Procedure 8, which provides: "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed.RCiv.P. 8(a)(2).

The amended complaint will supplant plaintiff's previous complaint, amended complaints, and miscellaneous filings. The court will not review plaintiff's other filings to glean any misplaced claims. The court will review any amended complaint to determine whether severance of plaintiff's claims is appropriate. See Fed.R.Civ.P. 18(a), 20(a)(2). Because the court has allowed plaintiff the opportunity to particularize his complaint, the remaining motions to amend are DENIED as moot.

C.  Motions to Compel

Plaintiff seeks an order from the court compelling discovery. The court, however, has not yet completed its frivolity review, and defendants have not been served. Accordingly, any discovery requests at this point in the proceedings are premature. Thus, plaintiff's motions to compel are DENIED as premature.

D.  Motion for Punitive Damages

Plaintiff filed a motion requesting that the court award punitive damages. To the extent plaintiff requests that the court award him punitive damages in advance of adjudicating this action, his motion is DENIED. To the extent plaintiff seeks to notify the court of his intent to seek punitive damages, he may include such a request in his amended pleading.

E.  Motion for Summary Judgment

At this point in the proceedings, defendants have not yet been served with a copy of the summons and complaint. Accordingly, plaintiff's motion for summary judgment is DENIED as premature.

F.  Motion for Injunctive Relief

The court construes plaintiff's motion as a motion for a temporary restraining order. Temporary restraining orders are governed by Rule 65 of the Federal Rules of Civil Procedure,

3

which provides that a temporary restraining order shall not issue in the absence of "specific facts [which] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party may be heard in opposition." Fed.R.Civ.P 65(b)(1). The United States Supreme Court has stated that the movant must establish the following to obtain a temporary restraining order or a preliminary injunction: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008); The Real Truth About Obama, Inc. v. Federal Election Commission, 575 F.3d 342, 345 (4th Cir. Aug. 5, 2009), vacated on other grounds, 130 S.Ct. 2371 (2010).

Here, plaintiff has not demonstrated that he likely is to succeed on the merits, nor has he alleged facts necessary to demonstrate that he likely would suffer irreparable harm if his motion is not granted. Finally, plaintiff has not demonstrated that his request for a temporary restraining order is in the public interest or that the balance of equities tips in his favor. Accordingly, plaintiff's motion for a temporary restraining order is DENIED.

G.   Motion Seeking Pro Se Litigant Monetary Workmen's Compensation

Plaintiff requests that the court order defendants to provide him with attorneys fees if he is successful with this action. The prevailing party in a § 1983 action may seek an award of reasonable attorney's fees. See 42 U.S.C. § 1988(b). However, this action has not yet been adjudicated. Accordingly, plaintiff's motion is DENIED as premature.

In summary, the court rules as follows:

4

(1) Plaintiff must particularize his complaint as set forth above within twenty-one (21) days of this court's order. Plaintiff is warned that if he does not file an amended complaint that complies with Federal Rule of Civil Procedure 8(a) and this order within the time specified, the court will dismiss the action without prejudice.

(2) Plaintiff's first motion to amend (DE # 4) is GRANTED. Plaintiff's remaining motions to amend (DE #s 7, 8, 12, 13, 15, 16, 21, 24, 26, 27) are DENIED as moot.

(3) Plaintiff's motion to appoint counsel (DE # 5) is DENIED.

(4) Plaintiff's motion seeking punitive compensation (DE # 14) is DENIED.

(5) Plaintiff's motion for summary judgment (DE # 18) is DENIED as premature.

(6) Plaintiff's motion seeking judicial injunction (DE # 22) is DENIED.

(7) Plaintiff's motion seeking pro se litigant monetary workmen's compensation (DE # 23) is DENIED as premature.

(8) Plaintiff's motions to compel (DE #s 11, 25, 28, 29) are DENIED as premature.

SO ORDERED, this the 7th day of September, 2012.

_____
LOUISE W. FLANAGAN
United States District Judge