IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CT-3060-FL

| | | |
|---|---|---|
| KEITH BAYSEAM OLIVER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DALE BUTLER AND SHERIFF DONNIE HARRISON, | ) | |
| | ) | |
| Defendants. | ) | |

The matter is before the court upon plaintiff's motion "to impose immediate punitory sanctions" (DE # 45), motion to compel (DE # 49), motions to amend (DE #s 53, 55) motions to file supplemental evidence (DE #s, 57, 59, 61, 67), and motion for issuance of subpoenas for depositions (DE # 63). Defendants responded to plaintiff's motion for sanctions and motion to compel, but did not respond to plaintiff's remaining motions. In this posture, the matters raised are ripe for adjudication.

A.     Motion for Sanctions

Plaintiff filed a motion for sanctions asserting that his transfer from the custody of the Wake County Jail to the North Carolina Department of Public Safety has interfered with his access to courts. The court has discretion to impose sanctions under Federal Rule of Civil Procedure 11. See Ost-West-Handel Bruno Bischoff GmbH v. Project Asia Line, Inc., 160 F.3d 170, 177 (4th Cir. 1998) ("The decision to impose sanctions under Rule 11 . . . is within the sound discretion of the trial court." (quotation omitted)). Here, plaintiff's numerous filings suggest that his efforts to pursue this

action have not been impeded by his transfer. Plaintiff has not demonstrated any evidence to the contrary. Accordingly, the court finds that plaintiff has failed to demonstrate any prejudice, and his motion for sanctions is denied.[1]

B.    Motions to Amend and to Supplement

Plaintiff filed two motions to amend his complaint as well as four motions for leave to file supplemental evidence. Plaintiff's amended allegations are so voluminous that it is difficult to decipher his amended claims. Accordingly, the court ALLOWS plaintiff to submit one amended pleading specifically naming the party responsible for his alleged deprivation, the injury stemming from the party's actions or inactions, and the alleged facts to support his claim. Plaintiff is on notice that he must connect the named defendants with the alleged conduct which resulted in the alleged constitutional violation. The court ALLOWS plaintiff's motions to file supplemental evidence. However, the court will not look to the supplemental evidence to discern any new claims. Rather, plaintiff must assert his new claim(s) in his amended complaint. Based upon the foregoing, plaintiff's motions to amend are DENIED as moot.

C.    Motion to Compel

Plaintiff filed a motion to compel defendants to respond to his discovery requests. In response, defendants contend that the time to respond to plaintiff's discovery requests has not yet expired. Accordingly, the court DENIES plaintiff's motion to compel without prejudice.

---

[1] Plaintiff's motion for sanctions suggests that he seeks to amend his complaint to include a retaliation or access to courts claim. Because plaintiff has raised these claims in a subsequently filed amended complaint, the court does not construe plaintiff's motion for sanctions as a motion to amend.

2

D.      Motion for Issuance of Subpoenas for Depositions

The Federal Rules of Civil Procedure enable parties to obtain information by serving requests for discovery, including the issuance of subpoenas. See generally, Fed.R.Civ.P. 26-37, 45. Rule 34 authorizes a party to issue subpoenas to non-parties. Fed.R.Civ.P. 34(c) ("As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection.") Rule 45 outlines the procedure for issuing subpoenas. Fed.R.Civ.P. 45; see also, In re Rule 45 Subpoena to Robert Kochan, No. 5:07-MC-44-BR, 2007 WL 4208555, at *4 (E.D.N.C. Nov. 26, 2007) ("Rule 45 expressly permits a party to issue discovery subpoenas to a nonparty for documents and things in the nonparty's possession, custody, or control.") (citing Fed.R.Civ.P. 45(a)(1)(C)). "Rule 45 adopts the standard codified in Rule 26" in determining what is discoverable. Schaff v. SmithKline Beecham Corp., 233 F.R.D. 451, 453 (E.D.N.C. 2005). Here, there is no indication that plaintiff utilized the Federal Rules of Civil Procedure to obtain the discovery he seeks. Accordingly, his motion (DE # 53) is DENIED.

## CONCLUSION

In summary, plaintiff's motion "to impose immediate punitory sanctions" (DE # 45) and motion for issuance of subpoenas for depositions (DE # 63) are DENIED. Plaintiff's motion to compel (DE # 49) is DENIED without prejudice. Plaintiff's motions to amend (DE #s 53, 55) are DENIED as moot and plaintiff is DIRECTED to file his amended pleading as set forth above within fourteen (14) days of this court's order. Finally, plaintiff's motions to file supplemental evidence (DE #s, 57, 59, 61, 67) are GRANTED.

SO ORDERED, this the 23rd day of April, 2013.

LOUISE W. FLANAGAN
United States District Judge