IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CT-3060-FL

| | | |
|---|---|---|
| KEITH BAYSEAM OLIVER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DALE BUTLER AND SHERIFF DONNIE HARRISON, | ) ) | |
| | ) | |
| Defendants. | ) | |

The matter is before the court on plaintiff's response to the court's April 23, 2013, order directing him to particularize his amended pleadings. Also before the court are plaintiff's unopposed "motion[s] to submit [an] argumentative brief" (DEs 76, 78) and motion to enter conclusive evidence (DE 77). In this posture, the matters raised are ripe for adjudication.

The court begins with plaintiff's response to the court's April 23, 2013, order directing him to particularize his amended pleadings. In his particularized pleading, plaintiff alleges the following claims pursuant to the Fourteenth Amendment to the United States Constitution: (1) he was forced to sleep on a cement floor causing injury to his back; (2) he received inadequate food portions causing extreme weight loss, headaches, dizziness, and fatigue; (3) he was forced to wear dirty, soiled garments; and (4) he was retaliated against for filing this action. Plaintiff additionally seeks to add Heidi Steinbeck ("Steinbeck") as a defendant in this action. The court finds that plaintiff is ALLOWED to proceed with these claims. The Clerk of Court is DIRECTED to add Steinbeck as a defendant in this action.

As for plaintiff's remaining motions, the court is unsure how to construe these pleadings. Essentially, plaintiff's filings are re-iterations of his amended complaint. All that is required at this stage in the proceedings is a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). As stated, the court has determined that plaintiff satisfied this condition. In the event that future dispositive motions are filed, the parties will be provided the opportunity to present evidence in support of their respective positions. However, such filings at this stage in the litigation are premature. Thus, the court DENIES as PREMATURE plaintiff's "motion[s] to submit [an] argumentative brief" and motion to enter conclusive evidence.

In summary, plaintiff is ALLOWED to proceed on his amended pleading. The Clerk of Court is DIRECTED to add Steinbeck as a defendant in this action. Plaintiff's pending motions, however, (DEs 76, 77, 78) are DENIED as PREMATURE. The Clerk of Court is DIRECTED to enter an initial order.

SO ORDERED, this the 1st day of August, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge