IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CT-3060-FL

| | | |
|---|---|---|
| KEITH BAYSEAM OLIVER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DALE BUTLER, | ) | |
| SHERIFF DONNIE HARRISON, and | ) | |
| LIEUTENANT HEIDI STEINBECK, | ) | |
| | ) | |
| Defendants. | ) | |

The matter is before the court upon plaintiff's motions for leave to file various evidentiary items (DE 82, 83, 84, 86, 92, 95). Also before the court is plaintiff's motion for a court ordered subpoena duces tecum (DE 90) a motion for a subpoena (DE 97), and motions for the court to compel discovery (DE 93, 98). In this posture, the issues raised are ripe for adjudication.

The court begins with plaintiff's motion requesting that the court issue a subpoena duces tecum directing the North Carolina Department of Pubic Safety to provide plaintiff with his medical records, and his motion for a subpoena directing the North Carolina Department of Health and Human Services to produce certain documents. The Federal Rules of Civil Procedure enable parties to obtain information by serving requests for discovery, including the issuance of subpoenas. See generally, Fed.R.Civ.P. 26-37, 45. Rule 34 authorizes a party to issue subpoenas to non-parties. Fed.R.Civ.P. 34(c) ("As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection.") Rule 45 outlines the procedure for issuing subpoenas. Fed.R.Civ.P. 45; see also, In re Rule 45 Subpoena to Robert Kochan, No. 5:07-MC-44-

BR, 2007 WL 4208555, at *4 (E.D.N.C. Nov. 26, 2007) ("Rule 45 expressly permits a party to issue discovery subpoenas to a nonparty for documents and things in the nonparty's possession, custody, or control.") (citing Fed.R.Civ.P. 45(a)(1)(C)). "Rule 45 adopts the standard codified in Rule 26" in determining what is discoverable. Schaff v. SmithKline Beecham Corp., 233 F.R.D. 451, 453 (E.D.N.C. 2005). Here, there is no indication that plaintiff utilized the Federal Rules of Civil Procedure to obtain the discovery he seeks. Accordingly, plaintiff's motions are DENIED.

The court now turns to plaintiff's motions seeking leave to enter evidence. As previously explained to plaintiff in the court's August 1, 2013, order, to the extent plaintiff, through these filings, seeks to amend his complaint, he must file a motion for leave to file an amended complaint pursuant to Federal Rule of Civil Procedure 15. To the extent plaintiff seeks to include evidence to support his claim, he must do so in support or defense of a properly filed motion for summary judgment. Based upon the foregoing, plaintiff's motions to enter evidence are DENIED. Plaintiff is cautioned that unnecessary and excessive filings are not helpful to the court and impede judicial efficiency and the administration of justice, as well as, rising to sanctionable behavior if the court's warning goes unheeded.

Finally, the court addresses plaintiff's motions seeking a court order directing defendants to respond to his discovery requests. Plaintiff failed to comply with Federal Rule of Civil Procedure 37(a) and Local Rule 7.1(c) of the Local Rules of Practice and Procedure which require that the movant certify that there has been a good faith effort to resolve discovery disputes prior to the filing of any discovery motions. Plaintiff's motions to compel discovery do not state that he complied with Rule 37(a) or Local Rule 7.1(c). Thus, plaintiff's motions to compel are DENIED as premature. In summary, plaintiff's motions for subpoenas (DE 90, 97) and his motions for leave

to enter evidence (DE 82, 83, 84, 86, 92, 95) are DENIED. Plaintiff's motions to compel discovery (DE 93, 98) are DENIED as premature.

    SO ORDERED, this the 10th day of October, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge