IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CT-3060-FL

| | | |
|---|---|---|
| KEITH BAYSEAM OLIVER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DALE BUTLER, SHERIFF DONNIE HARRISON, and HEIDI STEINBECK, | ) ) | |
| | ) | |
| Defendants. | ) | |

The matter is before the court upon plaintiff's motion "for order; ordering defendants to return unlawfully confiscated law books" (DE 100), motions to compel discovery (DE 102, 103, 105, 107), renewed motion to compel (DE 118), motion for court ordered alternative dispute resolution (DE 112), motion to strike (DE 119), motion for entry of default (DE 120), and motion to expedite (DE 113). Plaintiff's motions to compel were fully briefed.[1] Also before the court is defendants' motion for summary judgment (DE 114), which was fully briefed. In this posture the issues raised are ripe for adjudication.

A. Motion for the Return of Unlawfully Confiscated Books

Plaintiff filed a pleading in which he seeks a court order "ordering defendants to return unlawfully confiscated law books, or reimburse total value of said books, and reimburse funds lost as a direct result of defendants infringing upon plaintiff[']s lawful right to complete Blackstone course." (Pl.'s Mot. (DE 100), p. 1.) Based upon these allegations, the court construes this motion

---

[1] Defendants did not respond to plaintiff's renewed motion to compel (DE 118).

as a motion to amend plaintiff's complaint to include a loss of property claim that accrued on December 21, 2012.[2] Plaintiff, however, requires leave of court to amend his complaint. See Fed. R. Civ. P. 15(a).

"Motions to amend are committed to the discretion of the trial court." Keller v. Prince George's County, 923 F.2d 30, 33 (4th Cir. 1991). A district court may deny a motion to amend a pleading "where the motion has been unduly delayed and where allowing the amendment would unduly prejudice the non-movant." Deasy v. Hill, 833 F.2d 38, 40 (4th Cir. 1987), cert. denied, 485 U.S. 977 (1988). Because the claim asserted in plaintiff's amended complaint arose well after the filing of this action, plaintiff could not have exhausted his administrative remedies for this claim prior to the filing of this action on March 12, 2012. See Porter v. Nussle, 534 U.S. 516, 524 (2002); Booth v. Churner, 532 U.S. 731, 741 (2001); see also Hayes v. Stanley, 204 F. App'x 304, n.1 (4th Cir. 2006) (per curiam). Thus, the court DENIES plaintiff's motion to amend as futile.

B.      Motions to Compel

The court first addresses plaintiff's April 23, 2014, renewed motion to compel. This motion pertains to plaintiff's attempt in another action, Oliver v. Butler, No. 5:12-CT-3157-FL (E.D.N.C.), to conduct depositions upon written questions. Because this motion pertains to the proceedings in Oliver v. Butler, No. 5:12-CT-3157-FL (E.D.N.C.), plaintiff's renewed motion to compel filed in this action is DENIED as MOOT.[3]

---

[2] Plaintiff states that he was in possession of the alleged confiscated property until December 21, 2013. However, plaintiff filed his motion to amend on November 12, 2013. Accordingly, the court assumes that plaintiff intended to state that he was in possession of the alleged confiscated property until December 21, 2012.

[3] Plaintiff also filed his renewed motion to compel in Oliver v. Butler, No. 5:12-CT-3157-FL (E.D.N.C.). See (DE 92).

2

The court now turns to plaintiff's remaining motions to compel discovery. After the parties fully briefed the pending discovery motions, the sole remaining discovery issue involves the disclosure of inmate bed assignments.[4] Specifically, plaintiff argues that defendants failed to fully respond to the following discovery request: "A complete list with each individual housed on 5 yellow pod and 8 yellow pod, including each individual bed assignment and the total length of time individual spent on each bed assignment." (Def.s' Resp. (DE 110, ¶ 8.) The court now determines whether plaintiff established that he is entitled to the requested discovery material.

Federal Rule of Civil Procedure 26 provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). "[D]iscovery rules are to be accorded a broad and liberal treatment to effect their purpose of adequately informing the litigants in civil trials." Herbert v. Lando, 441 U.S. 153, 177 (1979). However, a litigant may not use discovery requests to annoy, embarrass, oppress, or cause an undue burden or expense to his opposing party. See Fed. R. Civ. P. 26(c)(1). Additionally, the court has "substantial discretion" to grant or deny motions to compel discovery. Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995).

---

[4] Plaintiff has another pending action in Oliver v. Butler, 5:12-CT-3157 (E.D.N.C.). Plaintiff filed motions to compel in both actions. Defendants responded to plaintiff's motions to compel with a single response in both actions, and plaintiff filed a single reply in both actions.

In response to plaintiff's motion to compel, defendants state that they provided plaintiff with the names of the above-referenced individuals, but objected to providing the individual inmate's specific bed assignment or length of time that an inmate spent on the particular bed assignment because it is beyond the scope of discovery and not likely to lead to the discovery of admissible evidence. Defendants additionally contend that the disclosure of this information raises security concerns. The court agrees with defendants and finds that plaintiff has not demonstrated that the requested discovery material is relevant. The court further agrees that the disclosure of inmate bed assignment information to plaintiff poses safety issues. See, e.g., Williams v. Ronquillo, No. 1:11-cv-00874-BAM PC, 2013 WL 3367550, at *4 (E.D. Cal. July 5, 2013). Based upon the foregoing, plaintiff's motion to compel is DENIED as to this issue. Because the only discovery issue remaining after defendants' responded to plaintiff's discovery requests has been resolved, plaintiff's remaining motions to compel also are DENIED.

C.  Motion for Court Ordered Alternative Dispute Resolution

Plaintiff seeks a court order compelling the parties to engage in alternative dispute resolution. This case does not properly fall within a category of case automatically to be selected for mediation pursuant to Local Civil Rule 101.1a(b). Further, defendants have a pending motion for summary judgment. In the event the parties agree to mediation following the resolution of the pending dispositive motion, the court will address the issue at that time. Thus, plaintiff's motion for court ordered alternative dispute resolution is DENIED.

D. Motion to Expedite

Plaintiff requests that the court expedite the proceedings in this action and that the court rule on all pending motions before defendants file their motion for summary judgment.[5] As it has done to date, the court plans to consider this case as expeditiously as possible, consistent with the court's docket. Accordingly, plaintiff's motion to expedite is DENIED.

E. Motion to Strike

Plaintiff moves the court to strike the affidavit Wake County Medical Director Dr. Obi Umesi submitted in support of defendants' motion for summary judgment pursuant to Federal Rule of Civil Procedure 12(f), 56(c), and 56(h). In support, plaintiff contends that Dr. Umesi's statements regarding plaintiff's medical history and care at the Wake County Jail are unsupported by plaintiff's medical records, "slanderous," "made with the sole intentions to persuade the courts opinion against Plaintiff in a negative manner." (Mot. to Strike (DE 119), p. 2.) Plaintiff further asserts and Dr. Umesi is a physician and does not have the necessary credentials to provide an opinion as to his mental health.

Dr. Umesi, in his affidavit, discusses plaintiff's medical care at the Wake County Jail. The affidavit, however, does not provide citations to the relevant portions of plaintiff's medical records. It is the responsibility of the party seeking summary judgment to present to the court the basis for the motion and to identify the parts of the record which demonstrate the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); see Fed. R. Civ. P. 56(c)(1)(A) ("A party asserting that a fact cannot be or is genuinely disputed must support the assertion by [] citing to particular parts of materials in the record. . . ."). Accordingly, the court

---

[5] Defendants filed their motion for summary judgment on April 7, 2014. (DE 114)

DIRECTS defendants to provide a copy of plaintiff's medical records pertinent to Dr. Umesi's affidavit. The court also DIRECTS defendants to submit a new affidavit from Dr. Umesi with citation to the applicable medical records. See Reynolds v. Northern Neck Regional Jail Authority, No. 3:07CV700, 2009 WL 1323224, at *1 (E.D. Va. May 11, 2009) ("Litigants may not thrust upon the court the burden of combing through the record to make a case on their behalf.") (citations and internal quotations omitted). Because the court has directed defendants to supplement Dr. Umesi's affidavit, plaintiff's motion to strike is DENIED. In the event defendants fail to supplement Dr. Umesi's affidavit as directed by the court, plaintiff may renew his motion to strike.

F.      Motion for Entry of Default

Plaintiff seeks an entry of default pursuant to Federal Rule of Civil Procedure 55 against defendants on the grounds that defendants failed to deny or otherwise set forth a defense to certain retaliation claims. In particular, plaintiff asserts defendants failed to respond to allegations that he was denied access to telephone privileges, visitation, and the law library in retaliation for filing this lawsuit.

Federal Rule of Civil Procedure 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Plaintiff, in his April 30, 2013, amended complaint asserted that he was denied access to a law library, denied telephone privileges, and denied visitation in retaliation for filing this action.[6] Plaintiff is correct

---

[6] Plaintiff appears to assert that defendants also failed to respond to his retaliation claim arising out of defendant's alleged confiscation of his law books on December 21, 2014. (Mot. for Entry of Default (DE 120), p. 1.) Plaintiff, however, has not been permitted leave to amend his complaint to include this claim.

6

in that defendants' motion for summary judgment does not directly address plaintiff's retaliation claims. However, defendants have made consistent efforts, including filing a motion for summary judgment, to defend this action and plaintiff's many filings make it difficult to determine precisely what claims plaintiff is asserting. See Johnson v. Warner, 7:05–CV–219, 2009 WL 586730, at *4 (W.D. Va. Mar. 6, 2009); Rashidi v. Albright, 818 F. Supp. 1354, 1355–56 (D. Nev.1993) (finding a motion for summary judgment sufficient to satisfy the "otherwise defend" requirement under Rule 55 because it "speaks to the merits of the case and demonstrates a concerted effort and an undeniable desire to contest the action"). Based upon the foregoing, the court DENIES without prejudice plaintiff's motion for entry of default, and DIRECTS defendants to supplement their motion for summary judgment to address plaintiff's retaliation claims.

For the foregoing reasons, the court rules as follows:

(1)   Plaintiff's motions to compel discovery (DE 102, 103, 105, 107) are DENIED;

(2)   plaintiff's renewed motion to compel (DE118) is DENIED as MOOT;

(3)   plaintiff's motion "for order; ordering defendants to return unlawfully confiscated law books," which this court construed as a motion to amend (DE 100) is DENIED as futile;

(4)   plaintiff's motion for court ordered alternative dispute resolution (DE 112) is DENIED;

(5)   plaintiff's motion to expedite (DE 113) is DENIED;

(6)   plaintiff's motion to strike (DE 119) is DENIED.

(7)   plaintiff's motion for entry of default (DE 120) is DENIED without prejudice.

7

(8) defendants are DIRECTED to supplement their motion for summary judgment and Dr. Umesi's affidavit as set forth above within twenty-one (21) days of this court's order;

(9) defendants' motion for summary judgment (DE 114) remains pending.

SO ORDERED, this the 6th day of June, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge